JENNIFER S. CLARK
LYNSEY ROSS
Assistant U.S. Attorney
U.S. Attorney's Office
101 East Front Street, Suite 401
Missoula, MT 59801
P.O. Box 8329
Missoula, MT 59807
Phone: (406) 542-8851
FAX:  (406) 542-1476
E-Mail:  Jennifer.Clark2@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| UNITED STATES OF AMERICA, Plaintiff, vs. HAPTEI JOHN KOZAK, Defendant. | CR 24-21-M-DWM SENTENCING MEMORANDUM |
|---|---|

# INTRODUCTION

Haptei John Kozak pleaded guilty to counts 1-4 of the indictment charging False Statements During Firearms Transactions in violation of 18 U.S.C. § 922(a)(6) and admitted forfeiture.  PSR ¶ 7.  The United States will move to

1

dismiss count 5 at sentencing. PSR ¶ 8. The presentence investigation report has calculated an advisory Guideline range of 30 to 37 months, based on a total offense level of 19 and a criminal history category of I. PSR ¶ 89. The United States will recommend a sentence within the advisory Guideline range ultimately calculated by the Court.

## THE OFFENSE

The Bureau of Alcohol, Tobacco, Firearms, and Explosives conducted an investigation that revealed Kozak had used a false name to purchase firearms between September 2023 and October 2023. PSR ¶ 12. Kozak was identified as a Canadian citizen. PSR ¶ 12. Kozak used the name Tyler John Cossack to purchase the firearms. PSR ¶ 12. Missoula Scheels took a photograph of the license Kozak was using to attempt to purchase a firearm. PSR ¶ 15. Special Agent Hess then discovered that Kozak had provided false information to make purchases in Kalispell on September 9, 2023, in Butte on September 29, 2023, in Helena on October 15, 2023, and in Missoula on October 16, 2023. PSR ¶¶ 16-17. Kozak purchased 12 firearms in 45 days using false information. PSR ¶ 18. None of the purchased firearms were manufactured in Montana. PSR ¶ 18.

Kozak was arrested in March 2024. PSR ¶ 19. His female companion told investigators that Kozak had firearms in his pickup truck that he recently purchased. PSR ¶ 21. Thirteen firearms were recovered. PSR ¶ 21.

Review of his text messages and other evidence gathered during the investigation indicated that Kozak was purchasing the firearms in the United States and then transporting them back to Canada to sell. PSR ¶ 32.

## CRIMINAL HISTORY AND RELEVANT CHARACTERISTICS

Kozak denies having a criminal history. Records received from Canada show that he has a juvenile record. PSR ¶¶ 43-46. Kozak reported some consumption of alcohol and use of marijuana. PSR ¶¶ 71-72. He has tried psychedelic drugs. PSR ¶ 73. He denied use of any other drug. PSR ¶ 74.

Kozak graduated from an alternative high school in British Columbia in 2022 with honors. PSR ¶ 76. Kozak reported he was enrolled in the Canadian Army but was arrested before his enlistment date. PSR ¶ 78. Kozak is co-owner of Wild Wake Rentals in Kelowna, British Columbia. PSR ¶ 79. The company rents Sea-Doos personal watercrafts and takes customers on boat trips. PSR ¶ 79. He earns between $20,000 to $30,000 each season and plans to expand the business upon release. PSR ¶ 79. He also plans to continue building homes in the off season for the watersports rental company. PSR ¶ 82.

## FINE RECOMMENDATION

The PSR found that Kozak has the ability to pay a fine in the guideline range of $10,000 to $100,000. PSR ¶¶ 87, 99. The Sentencing Guidelines state the Court shall impose a fine in all cases, except in such cases where a defendant establishes

3

an inability to pay (or is not likely to become able to pay). USSG § 5E1.2(a); 18 U.S.C. § 3571. The Court must determine whether a fine is appropriate and in what amount by considering the USSG recommendations, the factors in 18 U.S.C. § 3553(a), and the factors in 18 U.S.C. § 2572(a). *United States v. Orlando*, 553 F.3d 1235, 1239-40 (9th Cir. 2009). The Court is not required, however, to address every factor of § 3572 at sentencing "if the record, taken as a whole, indicates that the trial court considered the section 3572 factors." *United States v. Eureka Labs., Inc.*, 103 F.3d 908, 913–14 (9th Cir. 1996); *see also United States v. Great Guns Inc.,* 7 F. App'x 666, 666–67 (9th Cir. 2001). The defendant bears the burden of proving the inability to pay a fine. *United States v. Quan-Guerra*, 929 F.2d 1425, 1427 (citing *United States v. Rafferty*, 911 F.2d 227, 232 (9th Cir. 1990)).

Section 3572(a) states that "shall consider" several factors when it determines whether to impose a fine, of what amount, and the timing and method of payment, including: (a) Kozak's income, earning capacity, and financial resources; (b) the burden of a fine on Kozak and his family; (c) restitution; and (d) the costs to the government to carry out Kozak's sentence. While all of the § 3572 factors support the imposition of a fine, these factors in particular are present here. The factors enumerated in USSG § 5E1.2(d) are very similar to the § 3572 elements.

>   (a)   Kozak possesses the current and future ability to pay a fine. Kozak owns a successful business in British Columbia with substantial assets, with plans to expand the business. PSR ¶ 79. Prior to his business adventure, he was earning approximately $26 USD per hour (PSR ¶¶

4

80-81), approximately $52,000 USD per year. At the current exchange rate, those amounts equate to $35.35 CAD[1] per hour and approximately $73,500 CAD per year. Kozak intends to continue to build homes while expanding his business, so it is reasonable to predict his salary upon release will be similar. Additionally, Kozak is only 27 years old (PSR at 2), with plans to attend university to obtain a professional degree in civil engineering. PSR ¶ 77. His entrepreneurial spirit and plans for the future indicate a successful future in British Columbia which will allow him to pay a fine without hardship.

(b)  Ordering Kozak to pay a fine will not cause a burden. Kozak is single and has no children to support. PSR ¶ 58. Kozak has very little debt, at only $3,000 outstanding. PSR ¶ 86. As discussed above, Kozak has present assets and business income available for payment toward a fine and has significant earning power upon his release from prison. A $50,000 fine only requires Kozak to pay $5,000 per year, approximately 5% of his anticipated income upon release from prison. Kozak can make these payments while still being able to pay his costs of living and begin a family, if he so chooses.

(c)  Restitution is not applicable in this case. PSR ¶¶ 101-102. As such, ordering Kozak to pay a fine commensurate with his disregard for our country's laws will not negatively impact any victims.

(d)  In addition to the costs requires to prosecute Kozak for his crimes and provide him with a court-appointed defense counsel, the taxpayers will continue to pay to carry out his sentence. Because Kozak has the ability to pay the Court should order him to pay a fine sufficient to cover the government's expected costs of detention. USSG § 5E1.2(d)(7); 18 U.S.C. § 3572(a)(6). The guideline range for incarceration is 30-37 months. PSR ¶ 89. Kozak's sentence will cost the taxpayers approximately $4,147 per month (PSR ¶ 100), or $124,410 to $153,439. Because Kozak committed his crimes while in the United States illegally, he will likely be deported after his release from prison and thus the taxpayers will not incur additional costs for supervised release. PSR ¶ 93. If the Court does not require Kozak to return to Canada, supervised release will cost an additional $4,387 to $13,161 ($4,387 per year for one to three years). PSR ¶¶ 94, 100.

---

1 See https://www.bankofcanada.ca/rates/exchange/currency-converter/, last visited Sept. 24, 2024

In line with the particularized need to promote the rule of law, the United States requests the Court order Kozak to pay a fine of $50,000 due and payable immediately upon entry of judgment or the shortest possible time thereafter. 18 U.S.C. § 3572(d). Upon his return to Canada after serving his prison term, the Court can reasonably infer that Kozak will enjoy his business income as well as regular wages similar to his prior wages. The United States requests the Court order Kozak to make payments while participating in the Bureau of Prisons Inmate Financial Responsibility Program and, upon his release, no less than 15% of his gross monthly income until his fine is paid in full, and further order Kozak to notify the Court of any material change in his economic circumstances, specifically including the receipt of or notice of any right to receive any unexpected property including but not limited to all inheritances; gifts; winnings or prizes from lotteries, gambling, contests, or the like; any settlements or judgments; any cash, funds, or property worth $1,000 or more. Kozak's deportation necessitates an aggressive payment plan to ensure he is held responsible.

The requested fine is warranted in light of Kozak's conduct to circumvent the laws prohibiting firearm possession and is necessary to promote a respect for the law and to adequately deter Kozak from future conduct. USSG §§ 5E1.2(d)(1) and (d)(6). "The amount of the fine should always be sufficient to ensure that the fine, taken together with other sanctions imposed, **is punitive**." USSG § 5E1.2(d)

(emphasis added). Given Kozak's criminal history and continued defiance of the law, as well his illegal entry to commit crimes in the United States, imposition of a substantial fine is reasonable and necessary to impress the seriousness and respect for law upon Kozak.

## RECOMMENDATION

Title 18 U.S.C. § 3553(a)(2) requires the Court to "impose a sentence sufficient, but not greater than necessary" in light of the following factors:

- reflect the seriousness of the offense
- promote respect for the law
- provide just punishment
- afford adequate deterrence to criminal conduct
- protect the public from further crimes of the defendant
- provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

The Court is also required to consider the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentences available, the sentencing guidelines and policy statements, to avoid unwarranted sentencing disparities, and to provide for restitution to victims. 18 U.S.C. § 3553(a)(1), (3)-(7).

Kozak illegally entered the United States on several occasions to illegally purchase firearms and then illegally transport them back to Canada. In the government's view, a sentence within the advisory Guideline range ultimately calculated by the Court and a fine of $50,000 will be sufficient but not greater than necessary to satisfy the requirements of 18 U.S.C. § 3553(a).

DATED this 24th day of September, 2024.

        JESSE A. LASLOVICH
        United States Attorney


        */s/ Jennifer S. Clark*
        Assistant U.S. Attorney
        Attorney for Plaintiff